IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| KEITH STARR | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-255 |
| ERIC HOLDER | § | |

MEMORANDUM OPINION AND ORDER

Petitioner Keith Starr, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Respondent filed a motion to dismiss or, in the alternative, for summary judgment. Petitioner has had an opportunity to file a response. The matter is now ripe for review.

Factual Background

Petitioner contends that the Bureau of Prisons (BOP) created the Special Management Unit (SMU) program without notice and comment and without publishing the rules in the Federal Register. Petitioner contends that the conditions of confinement in the SMU at the United States Penitentiary in Lewisburg, Pennsylvania are unconstitutional.

Defendants' Motion for Summary Judgment

Respondent contends that petitioner's claims are not cognizable in a § 2241 petition because they concern the conditions of his confinement. Respondent also contends petitioner did not properly exhaust administrative remedies before he filed this action.

## Standard of Review

*Standard for Summary Judgment*

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

*Standard for Dismissal as Frivolous and for Failure to State a Claim*

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989);

2

*McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

A petition for writ of habeas corpus is the appropriate means for a prisoner to challenge the fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Jackson v. Johnson*, 475 F.3d 261, 263 n. 2 (5th Cir. 2007); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). A civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures or the conditions of confinement. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir. 1981). To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must consider whether the prisoner challenges the fact or duration of his confinement, or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987).

Petitioner's claims implicate the conditions of his confinement rather than his conviction or sentence. Therefore, it is appropriate to construe the petition as a civil rights action.

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil action challenging the constitutionality of prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525 (2002). The exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id.* at 532. Prisoners must exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Because exhaustion is a threshold issue, the district court may resolve factual disputes concerning exhaustion without a jury. *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010).

The Federal Bureau of Prisons, which administers the prison where petitioner was incarcerated, has a four-step process for resolving complaints by prisoners. Initially, a prisoner must attempt to informally resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a written complaint to the warden on a prescribed form. 28 C.F.R. § 542.14. Ordinarily, the written complaint must be filed within twenty calendar days following the date the incident occurred. *Id.* However, an extension of time may be allowed if the

prisoner demonstrates a valid reason for the delay, such as an extended period spent in-transit, the prisoner was physically incapable of preparing the complaint, or delays caused by members of the prison staff. *Id.* If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director within twenty days unless an extension is granted. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel within thirty days, although the time limit may be extended if the prisoner demonstrates a valid reason for the delay. *Id*.

A prisoner does not exhaust administrative remedies by simply filing each step without regard for procedural requirements. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).

The competent summary judgment evidence demonstrates that petitioner filed an administrative remedy in 2009 concerning his placement in the SMU program, but it did not address the conditions of his confinement or the process of creating the program. Petitioner filed a second administrative remedy in 2010 concerning the SMU program, but it was rejected because he did not file it in a procedurally-correct manner. Because petitioner failed to exhaust administrative remedies before filing this action, the motion for summary judgment should be granted.

## Conclusion

Petitioner did not properly exhaust administrative remedies by following the established procedures. Therefore, it is **ORDERED** that respondent's motion for summary judgment (document

5

no. 14) is **GRANTED**. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

**SIGNED** this the 19 day of **March, 2018.**

_____
Thad Heartfield
United States District Judge